Filed: February 11, 2026

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

## INFORMAL BRIEFING ORDER

_____

No. 26-1142,  <u>Antoine Poteat v. Chris Jenkins</u>
              3:17-cv-00051-NKM

This case has been placed on the court's docket under the above-referenced number, which should be used on papers subsequently filed in this court. The case shall proceed on an informal briefing schedule pursuant to Local Rule 34(b). The Informal Brief Form is attached. Informal briefs shall be served and filed within the time provided in the following schedule. Only the original informal brief is required; no copies need be filed unless requested by the court.

**Informal opening brief due: 03/09/2026**

Informal response brief permitted within 14 days after service of informal opening brief (filing of an informal response brief is not required).

Informal reply brief permitted within 10 days after service of informal response brief, if any.

If the informal opening brief is not served and filed within the scheduled time, the case will be subject to dismissal pursuant to Local Rule 45 for failure to prosecute. Extensions of briefing deadlines are not favored by the court and are granted only for good cause stated in writing.

The court will not consider issues that are not specifically raised in the informal opening brief. If a transcript is necessary for consideration of an issue, appellant must order the transcript within 14 days of filing the notice of appeal, using the court's **[Transcript Order Form](#)**. Parties who qualify to proceed without prepayment of fees and costs may apply for preparation of the transcript at government expense. In direct criminal appeals in which the appellant has waived the right to counsel and elected to proceed pro se, the motion for transcript at government expense is filed in the Court of Appeals and transcript is ordered by the Court of Appeals. In other cases, the motion should be filed in the district court

in the first instance and must be accompanied by the requisite demonstration of a particularized need for the transcript to decide non-frivolous issues presented on appeal. The motion may be renewed in the Court of Appeals and must be accompanied by the informal brief.

The Court of Appeals reviews the district court or agency record in informally briefed cases. Therefore, no appendix is necessary. District court records are available to the parties through the Public Access to Court Electronic Records (PACER) system. See **https://www.pacer.gov**. Agency records are filed with the court of appeals in electronic or paper form. The parties may make advance arrangements to review agency records in pending appeals in the clerk's office.

The court will not appoint counsel or schedule a case for oral argument unless it concludes, after having reviewed the informal opening brief, that the case cannot be decided on the basis of the informal briefs and the record.

Counsel filing an informal brief on behalf of appellee must also complete and file an **Appearance of Counsel** form. Counsel for appellee will not appear on the court's opinion if an Appearance of Counsel form is not filed with the court.

Parties in civil and agency appeals **must** file a **Disclosure Statement** within **14 days** of the informal briefing order, except that a disclosure statement is **not** required from the United States, from indigent parties, or from state or local governments in pro se cases.

Parties are responsible for ensuring that social security numbers, juvenile names, dates of birth, and financial account numbers are redacted from any documents filed with the court and that any sealed materials are filed in accordance with the enclosed **Memorandum on Sealed and Confidential Materials**.

Attorneys are required to file electronically in the Fourth Circuit. Information on obtaining an electronic filer account is available at **www.ca4.uscourts.gov**.

To qualify as a pro se electronic filer, a pro se litigant must obtain a PACER account and request filing privileges with the Fourth Circuit through their PACER account. Registration for a non-attorney e-filer account through PACER can be completed at **https://pacer.psc.uscourts.gov/pscof/regWizard.jsf**.

/s/ NWAMAKA ANOWI, CLERK
By: K. Hancock, Deputy Clerk

Copies: Antoine Poteat
435 Merchant Walk Square
Suite 300-541
Charlottesville, VA 22901

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT

# DIRECTIONS FOR INFORMAL BRIEF

1. **Preparation of Brief**. The Court will consider this case according to the written issues, facts, and arguments presented in the Informal Briefs. Space is provided to present up to four issues. Additional issues may be presented by attaching additional sheets. The Court will not consider issues that are not specifically raised in the Informal Briefs. Informal Briefs must be legible and concise, and any attached pages must be sequentially numbered. Informal Briefs may be filed on the form provided or in memorandum or formal briefing format. The informal brief and any supporting memorandum may not exceed the length limitations of formal briefs (up to 30 pages if handwritten or prepared on a typewriter, pursuant to Local Rule 34(b)).

2. **Copies required.**
   - File the original of the Informal Brief with the Court. If you would like a file stamped copy returned, send an extra copy and a self-addressed stamped envelope. The Court's address is:

     Clerk
     U.S. Court of Appeals, Fourth Circuit
     1100 East Main Street, 5th Floor
     Richmond, VA 23219

   - Send one copy of your Informal Brief to each of the parties in the case.

3. **Certificate of Service Required.** You must certify that you sent each of the other parties or attorneys complete copies of all documents you send the Court. Service on a party represented by counsel shall be made on counsel.

4. **Signature Required.** You must sign your Informal Brief and all Certificates of Service. If the Informal Brief is not signed, the case will be subject to dismissal under this Court's Local Rule 45.

> **DOCUMENTS ARE SCANNED INTO ELECTRONIC FORM AND POSTED TO THE DOCKET. DO NOT USE STAPLES, TAPE OR BINDING.**

# UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
## INFORMAL BRIEF

No. 26-1142, <u>Antoine Poteat v. Chris Jenkins</u>

                3:17-cv-00051-NKM

1. **Declaration of Inmate Filing**

An inmate's notice of appeal is timely if it was deposited in the institution's internal mail system, with postage prepaid, on or before the last day for filing. Timely filing may be shown by:

- a postmark or date stamp showing that the notice of appeal was timely deposited in the institution's internal mail system, with postage prepaid, or
- a declaration of the inmate, under penalty of perjury, of the date on which the notice of appeal was deposited in the institution's internal mail system with postage prepaid. To include a declaration of inmate filing as part of your informal brief, complete and sign the declaration below:

---

**Declaration of Inmate Filing**

Date NOTICE OF APPEAL deposited in institution's mail system: _____

I am an inmate confined in an institution and deposited my notice of appeal in the institution's internal mail system. First-class postage was prepaid either by me or by the institution on my behalf.

I declare under penalty of perjury that the foregoing is true and correct (see 28 U.S.C. § 1746; 18 U.S.C. § 1621).

Signature: _____ Date: _____

[*Note to inmate filers*: If your institution has a system designed for legal mail, you must use that system in order to receive the timing benefit of Fed. R. App. P. 4(c)(1) or Fed. R. App. P. 25(a)(2)(A)(iii).]

---

2. **Jurisdiction**

Name of court or agency from which review is sought:

Date(s) of order or orders for which review is sought:

3. **Issues for Review**

Use the following spaces to set forth the facts and argument in support of the issues you wish the Court of Appeals to consider. The parties may cite case law, but citations are not required.

**Issue 1.**

**Supporting Facts and Argument.**

**Issue 2.**

**Supporting Facts and Argument.**

**Issue 3.**

**Supporting Facts and Argument.**

**Issue 4.**

**Supporting Facts and Argument**

4. **Relief Requested**
Identify the precise action you want the Court of Appeals to take:




5. **Prior appeals (for appellants only)**
A. Have you filed other cases in this court? Yes [ ] No [ ]

B. If you checked YES, what are the case names and docket numbers for those appeals and what was the ultimate disposition of each?



_____
Signature
[Notarization Not Required]


_____
[Please Print Your Name Here]

**CERTIFICATE OF SERVICE**
**********************

I certify that on _____ I served a copy of this Informal Brief on all parties, addressed as shown below:




_____
Signature

**NO STAPLES, TAPE OR BINDING PLEASE**

# SEALED & CONFIDENTIAL MATERIALS

**Internet Availability of Docket & Documents**

Fourth Circuit case dockets and documents are available on the Internet via the Judiciary's PACER system (Public Access to Court Electronic Records). The Fourth Circuit docket is available on the Internet even if the district court docket was sealed. If a party's name was sealed in the district court, it should be replaced by "Under Seal" or a pseudonym on appeal.

Due to the electronic availability of court documents, the federal rules prohibit including certain personal data identifiers in court filings. In addition, parties should not include any data in their filings that they would not want on the Internet. Counsel should advise their clients on this subject so that an informed decision can be made. Responsibility rests with counsel and the parties, not with the clerk.

Documents filed by the parties in immigration, social security, and railroad retirement board cases are not accessible over the Internet to the public. Public Internet access is limited to the court's docket, orders, and opinions in these cases. Parties wishing to prevent their full names from appearing in court documents, including opinions available on the Internet, may file a motion to redact their name to use only their first name and last initial rather than their full name.

**Federal Rules of Procedure**

The federal rules of procedure require filers to redact any of the following personal data identifiers (PDIs) if included in court filings: (1) social security and tax ID numbers must be limited to last four digits; (2) minor children must be identified by their initials only; (3) dates of birth must show the year only; (4) financial account numbers must be limited to the last four digits only; and (5) home addresses in criminal cases must be limited to city and state only. The federal rules establish limited exceptions to these redaction requirements. See Fed. R. App. P. 25(a)(5); Fed. R. Civ. P. 5.2; Fed. R. Crim. P. 49.1; Fed. R. Bankr. P. 9037

**Judicial Conference Privacy Policy**

In addition, the judiciary's regulation on [Privacy Policy for Electronic Case Files](#) prohibits filers from including any of the following criminal documents in the public file: (1) unexecuted summonses or warrants; (2) bail or presentence reports; (3) statement of reasons in judgment of conviction; (4) juvenile records; (5) identifying information about jurors or potential jurors; (6) CJA financial

affidavits; (7) ex parte requests to authorize CJA services and (8) any sealed documents, such as motions for downward departure for substantial assistance, plea agreements indicating cooperation, or victim statements. Any reference to substantial assistance or cooperation with the government in criminal proceedings should be sealed in the parties' briefs.

**Local Rule 25(c)**

Local Rule 25(c) limits the sealing of documents by requiring that sealed record material be separated from unsealed material and placed in a sealed volume of the appendix and by requiring the filing of both sealed, highlighted versions and public, redacted versions of briefs and other documents.

Since the ECF events for sealed filings make the documents accessible only to the court, counsel must serve sealed documents on the other parties outside ECF.

**Sealed Volume of Appendix**

If sealed record material needs to be included in the appendix, it must be placed in a **separate, sealed volume** of the appendix and filed with a certificate of confidentiality. In consolidated criminal cases in which presentence reports are being filed for multiple defendants, each presentence report must be placed in a separate, sealed volume served only on Government counsel and counsel for the defendant who is the subject of the report.

- Use ECF event-**SEALED JOINT APPENDIX (court access)** and **SEALED SUPPLEMENTAL APPENDIX (court access)** to file sealed electronic appendix volume(s). Cover of sealed appendix volume must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed volume must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed appendix filed with the court.
- Use ECF event-**JOINT APPENDIX** and **SUPPLEMENTAL APPENDIX** to file public electronic appendix volumes(s).

**Sealed Version of Brief**

If sealed material needs to be referenced in a brief, counsel must file both a **sealed, highlighted version** of the brief and a **public, redacted version** of the brief, as well as a certificate of confidentiality.

- Use ECF event-**SEALED BRIEF (court access)(formal briefs under seal)** to file sealed electronic version of brief in which sealed material has been highlighted. Cover of sealed brief must be marked SEALED, and paper copies must be placed in envelopes marked SEALED. Sealed version must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material. A paper copy of the certificate of confidentiality must accompany the paper copy of the sealed brief filed with the court.
- Use ECF event-**BRIEF (formal briefs not under seal)** to file public electronic version of brief from which sealed material has been redacted.

**Sealed Version of Motions and Other Documents**

If sealed material needs to be referenced in a motion or other document, counsel must file both a **sealed, highlighted version** and a **public, redacted version**, as well as a certificate of confidentiality.

- Use ECF event-**SEALED DOCUMENT** to file sealed electronic version of document in which sealed material has been highlighted. First page of document must be marked SEALED. Sealed version must be served on other parties outside ECF.
- Use ECF event-**Certificate of confidentiality** to identify authority for treating material as sealed and to identify who may have access to sealed material.
- Use the appropriate ECF event (e.g., **MOTION** or **RESPONSE/ANSWER**) to file public electronic version of document from which sealed material has been redacted.

**Motions to Seal**

A certificate of confidentiality may be used to request sealing of information protected by the [Privacy Policy for Electronic Case Files](#), or by statute, rule, regulation, or order. To request sealing of other materials, or to request sealing of an entire brief or motion due to inability to create a public, redacted version, counsel must file a motion to seal.

The motion to seal must appear on the public docket for five days. The motion must identify the document or portions thereof for which sealing is requested, the reasons why sealing is necessary, the reasons a less drastic alternative will not afford adequate protection, and the period of time for which sealing is required. If

it is necessary to reference sealed material in the motion, a **sealed, highlighted version** and a **public, redacted version** of the motion must be filed.

**Highly Sensitive Documents**

The court has adopted [Standing Order 21-01](#) implementing procedures adopted by the Federal Judiciary for the filing of highly sensitive sealed documents in paper form, accompanied by a certificate (for material sealed by the district court or other tribunal) or motion (for requests to file material under seal in the first instance).

**Forms:** [Certificate of Confidentiality](#) & [Certificate for Highly Sensitive Document Protection](#)

**Instructions:** [How do I redact items from pleadings?](#) (Marking out text in a word processing document using a highlighter or box tool does not remove sensitive data from the document.)

# UNITED STATES COURT OF APPEALS
# FOR THE FOURTH CIRCUIT

_____

## CHANGE OF ADDRESS (PRO SE)

_____

**No.** 26-1142,    Antoine Poteat v. Chris Jenkins
            3:17-cv-00051-NKM

If your address changes, it is your obligation to notify the clerk. If your address changes and you do not notify the clerk, we will not be responsible for your failure to receive documents from the court.

THE CLERK IS HEREBY NOTIFIED THAT MY ADDRESS SHOULD BE CHANGED TO:

| |
|---|
| Name: |
| Street/P. O. Box: |
| City/State/ZIP: |
| Telephone Number: |
| Prison (if applicable): |
| Prisoner's Reg. No. (if applicable): |
| Release Date (if applicable): |
| Effective Date for Change of Address: |
| Signature: |